[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BY THE DIVISION
The petitioner was convicted after a trial by jury of manslaughter in the First Degree in violation of Conn. Gen. Stats. 53a-55 (a)(1) and 53a-8; Conspiracy to Commit Assault in the First Degree, in violation of Conn. Gen. Stats. 53a-48(a) and 53a-59 (a)(2) and 53a-8. The court imposed a sentence of twenty years to serve on the first count; twenty years to serve on the second count and five years to serve on the third count. Counts one and two were imposed concurrent to each other while the third count was imposed consecutively to the first and second counts for a total effective sentence of twenty-five years to serve.
The record shows that the petitioner participated in a revenge drive-by shooting of rival gang members in Stowe Village Housing Project in the City of Hartford. On the second pass into the Village, shots were fired and two people were wounded, one of them was a fifteen-year old woman who was wounded fatally.
Petitioner's counsel at the hearing stated that his client's criminal record was "light" and that he cooperated with the police. He stated that his client was not given an offer by the state except to go to trial. He further argued that he was not the shooter and his attitude about life was formed as a product of the streets. Counsel also noted that the sentences given to the other co-conspirators was less than his client's. He asked the Division to reduce his sentence to the range of seven to fifteen years.
The petitioner spoke to the Division indicating he was not a violent person and that one of the victims was his cousin. He asked for a reduction of his sentence.
The Student Intern representing the state noted that the petitioner had a violent history of criminal activity. She pointed out convictions for an assault and robbery. He was also on probation at the time of this offense. She stated that the petitioner was a threat to the community and he should be locked up for his term of sentence. She thought CT Page 8652 the sentence was fair, reasonable and even generous considering the petitioner could have received a maximum of 60 years to serve.
In reviewing the remarks of the sentencing court it shows that it took into consideration the petitioner's prior record, noting that seven months prior to this offense the petitioner inflicted an injury by using a knife on a young woman. The court took into consideration that this petitioner was involved in another robbery just 29 days after the shooting incident with basically the same people and ". . . continuing running with the same crowd and continuing the violent behavior." The court concluded that the petitioner . . . "continues to pose a risk to the community."
At the hearing before the Division the petitioner introduced into the record the sentencing records of the co-conspirators in this matter. Their sentences ranged from seven and a half to fifteen years. We note that the sentencings took place long after the trial of the petitioner. We have said numerous times that the Division's charge is to examine the actions of the sentencing judge; based upon his/her knowledge and understandings at the time of the sentence. We do not act as a parole board and are without authority to modify sentencing except in accordance with the provisions of Practice Book 942 and Conn. Gen. Stats. 51-194 et seq. Any actions by the petitioner after sentencing are not proper for the Division to consider.
When reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Practice Book 942. The sentence imposed was neither inappropriate nor disproportionate. The death of an innocent person by a drive-by shooting predicated upon gang mentality was properly addressed by the court.
The sentence is affirmed.
Purtill, J. Norko, J. Klaczak, J.
Purtill, J., Norko, J., and Klaczak, J. participated in this decision. CT Page 8653